

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| LATISHA BURNS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No.: 4:18-03120-MGL |
| | § | |
| TRANS UNION, LLC, EQUIFAX | § | |
| INFORMATION SERVICES, LLC, | § | |
| SANTANDER CONSUMER USA, INC.; | § | |
| and WAREHOUSE HOME FURNISHINGS | § | |
| DISTRIBUTORS, INC., f/k/a Farmers | § | |
| Furniture Company, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT
WAREHOUSE HOME FURNISHINGS DISTRIBUTORS'S MOTION TO DISMISS**

## I.   INTRODUTION

This is an action for negligent and willful violation of the Fair Credit Reporting Act (the

FCRA).  The Court has jurisdiction over this matter under 28 U.S.C. § 1331.  Pending before the

Court is Defendant Warehouse Home Furnishings Distributors, Inc.'s (Warehouse) motion to

dismiss.  Having carefully considered Warehouse's motion, the response, the reply, the record,

oral arguments made at the hearing on this motion, and the applicable law, it is the judgment of

the Court Warehouse's motion to dismiss will be denied.

## II.     FACTUAL AND PROCEDURAL HISTORY

This claim arose when Plaintiff Latisha Burns (Burns) received her Trans Union credit disclosure on May 1, 2018.  Amended Complaint ¶11.  According to Burns's amended complaint, she noticed a monthly payment of $70.00 on her credit disclosure after Warehouse had "closed and charged off" her account.  *Id.* ¶9-10.  At oral argument on this motion, the parties indicated "closed and charged off" means the account has been closed, a monthly payment is no longer due, but the total amount of the loan remains due and owing.

Burns sent letters to Trans Union and Equifax disputing the $70.00 tradeline from Warehouse, and asked them to report the errant tradeline with the monthly payment amount of $0.00.  Id. ¶ 12-14.  Trans Union and Equifax forwarded Burns's letters to Warehouse.  *Id.* ¶15. On August 29, 2018, and September 11, 2018, respectively, Burns received investigation results from Trans Union and Equifax detailing how Trans Union, Equifax, and "[Warehouse] failed or refused to report the scheduled monthly payment as $0.00 on the [Warehouse] Errant Tradeline." *Id.* ¶ 16-17.  This lawsuit followed.

After Burns filed her amended complaint, Warehouse filed its motion to dismiss (Warehouse's motion).  Burns then filed her response to Warehouse's motion, and Warehouse replied.  The Court, having been fully briefed on the relevant issues, held a hearing on August 8, 2019, and is now prepared to discuss the merits of Warehouse's motion to dismiss.


## III.     STANDARD OF REVIEW

Defendant Warehouse has moved to dismiss Burns's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint."  *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.1999).  To

survive a motion to dismiss, the Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8(a) does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555(2007)), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555. In other words, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U .S. at 678. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint alleging facts that are "'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In considering a motion to dismiss, a plaintiff's well-pled allegations are taken as true, and the complaint and all reasonable inferences are liberally construed in the plaintiff's favor. *Mylan Laboratories, Inc. v. Matkari,* 7 F.3d 1130 (4th Cir. 1993). The court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the court must accept the plaintiff's factual allegations as true, any conclusory allegations are not entitled to an assumption of truth, and even those allegations pled with factual support need only be accepted to the extent that "they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The court need not accept unsupported legal allegations, *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir.1989),

3

legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to specific acts, dates, or policies, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir.1979).  In sum, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).  *Twombly*, 550 U.S. at 555.

## IV.    DISCUSSION AND ANALYSIS

Warehouse asserts (1) Burns's boilerplate allegations regarding damages do not establish she has suffered a cognizable injury, or any injury at all, and therefore she does not have standing under Article III and (2) Burns has failed to state a claim upon which relief can be granted because she is unable to show a reasonable investigation would have led to a change in the information Warehouse reported to the credit bureaus.  The Court will address each argument in turn.

### A.    Whether Burns established injury in fact as required for standing under Article III

To determine if Burns has Article III standing, the Court must decide whether Burns "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Dreher v. Experian Info. Sols., Inc.,* 856 F.3d 337, 343 (4th Cir. 2017) (citing *Spokeo, Inc. v. Robins,* 136 S.Ct. 1540, 1547 (2016)).  "The burden of establishing these elements falls on the party invoking federal jurisdiction, and all three elements are necessary prerequisites to establish standing."  *Id*.

For the injury in fact requirement at issue in this case, the injury must be "particular and concrete."  *Spokeo* 136 S.Ct. at 1548.  An injury in fact is not required to be tangible, though a litigant cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy

the injury-in-fact requirement.'" *Dreher*, 856 F.3d at 343-44 (citing *Spokeo*, 136 S.Ct. at 1547). Warehouse claims Burns plead insufficient facts to establish the injury in fact requirement. The Court is unconvinced.

Warehouse argues Burns failed to show she suffered concrete harm, thus she is unable to satisfy the injury in fact requirement for standing. For an injury to be "concrete," the "injury must be 'de facto'; that is, it must actually exist." *Spokeo*, 136 S.Ct. at 1548. Additionally, the pleading should "give the defendant fair notice of what the. . . claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In Burns's amended complaint, she claims she experienced both credit and emotional damages, undue stress, and anxiety. Amended Complaint ¶ 4. Warehouse contends Burns failed to allege she sought credit and was subsequently denied because of Warehouse. It asserts Burns's claims of credit and emotional damages stem merely from a "bare procedural violation, divorced from any concrete harm." *Dreher*, 856 F.3d at 343 (citing *Spokeo*, 136 S.Ct. at 1547). This Court concludes Burns suffered harm which, although not tangible in nature, is nonetheless de facto and is more significant than the "bare procedural violation" Warehouse alleges because it is more than a "technical violation of the FCRA". *See Dreher*, 856 F.3d at 344. Therefore, the Court will find Burns satisfies the injury-in-fact requirement and does have standing.

Other courts faced with a similar claim have found the threat of harm bad credit imposes is cognizable and does actually exist. *See e.g., Thompson v. San Antonio Retail Merchs. Ass'n*, 682 F. 2d 509, 513 (5th Cir. 1982) ("Even when there are no out-of-pocket expenses, humiliation and mental distress do constitute recoverable elements and damages under the [FCRA.]"); *Jackson v. Equifax Information Services, LLC*, 2019 WL 179570 at *2 (M.D. Ga. January, 11, 2019) ("Plaintiff's allegations that he suffered [emotional and credit-related] injuries are sufficient to

satisfy the injury in fact requirement to give him standing to bring this claim"); *Moore v. Equifax Info. Servs., LLC,* 333 F. Supp. 2d 1360, 1365 (N.D. Ga. 2004) ("Damages for mental distress are recoverable under the FCRA, even if the consumer has suffered no out-of-pocket losses.").

The Court is satisfied with the contents of Burns's pleading. Warehouse is correct in asserting "a plaintiff cannot automatically satisfy the injury in fact requirement just because 'a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *Dreher*, 856 F.3d at 343 (citing *Spokeo*, 136 S.Ct. at 1547). However, Warehouse disregards the harm bad credit imposes on a consumer by an erroneous credit line, and similarly ignores one of the harms the FCRA is protecting consumers from. Therefore, the Court will deny Warehouse's motion on this ground.

### B. Whether Burns plead sufficient factual information in support of her claim for relief under the FCRA

Warehouse also asserts Burns's pleading inadequately states a claim upon which relief can be granted. Burns's amended complaint maintains Warehouse negligently or willfully violated 15 U.S.C. § 1681s-2(b) because Warehouse's credit line for her account listed a $70.00 monthly payment despite her account being closed and charged off. Section 1681s-2(b) provides, in relevant part,

> "After receiving notice. . . of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency. . . (C) report the results of the investigation. . . (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete. . . (i) modify that item. . . (ii) delete that item. . . or (iii) permanently block the reporting of that item of information."

15 U.S.C. § 1681s-2(b)(1) (2018). In her complaint, Burns claimed Warehouse's inaccurate reporting "[created a] misleading impression" of Burns's credit files. Burns also alleged Warehouse's reporting affected her ability to obtain credit. This is sufficiently detailed to satisfy the standards set forth in Section III, *supra*, of this order.

Warehouse points out a plaintiff "cannot prevail on the [FCRA] claim without demonstrating that had the furnisher conducted a reasonable investigation, the result would have been different; i.e., that the furnisher would have discovered that the information it reported was inaccurate or incomplete, triggering the furnisher's obligation to correct the information." *Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1313 (11th Cir. 2018). Warehouse insists Burns must specify instances in which its actions or inactions caused her harm. The Court disagrees.

As a consumer, Burns is unable to plead Warehouse's specific errors during their internal investigation without discovery. *See Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1313 (11th Cir. 2018) (noting "a plaintiff cannot demonstrate that a reasonable investigation would have resulted in the furnisher concluding that the information was inaccurate or incomplete without identifying some facts the furnisher could have uncovered that establish that the reported information was, in fact, inaccurate or incomplete"). As stated in Burns's response to Warehouse's motion (Burns's Response):

> Warehouse seeks this Court to impose an impossible pleading standard, as [Burns] cannot know investigative procedures between Warehouse and the consumer reporting agencies until [she] engages in discovery. . . [This standard] would prevent any consumer from filing any lawsuit under the FCRA, as virtually no consumer would or could know such facts before engaging in discovery.

Burns's Response ¶6. The Court agrees with Burns and holds her factual statement requesting relief is adequate in light of the limited information available to her at this stage of litigation.

Warehouse attempts to convince the Court the present case is similar to a case from the Middle District of Georgia in which the defendant's motion for summary judgment was granted. *See Keith v. Equifax Info Servs., LLC*, No. 3:13-CV-121 (CAR), 2019 WL 510446, at *1 (M.D. Ga. February 8, 2019). Both cases involve plaintiffs asserting the furnisher violated the FCRA by listing monthly payments despite the claimant's account being closed and charged off. *Id.* Warehouse argues this case should also be dismissed for the reasons set forth in *Keith*. *Id.* at *3. The Court is unpersuaded.

Aside from the fact *Keith* is not binding precedent upon this Court, the plaintiff in *Keith* alleged notice was provided to the furnisher "upon information and belief," *Keith,* 2019 WL 510446 at *3, while Burns gave written notice to both Trans Union and Equifax, who then forwarded it to Warehouse. Further, the Middle District of Georgia court did not consider any arguments from the *Keith* plaintiff because he failed to respond to the defendant's motion to dismiss. *Id.* at *1. In sum, *Keith* is wholly inapposite to the present facts and circumstances. Accordingly, the Court also rejects this ground in Warehouse's motion.

## V. CONCLUSION

For the reasons stated above, Warehouse's motion to dismiss is **DENIED**.

**IT IS SO ORDERED**.

Signed on this 19th day of August, 2019, in Columbia, South Carolina.

s/ Mary Geiger Lewis      
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
